IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIAN AGUIRRE-SOLIS,<br>    Movant, | ::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | :: | |
| v. | ::<br>:: | CRIMINAL ACTION NO.<br>1:01-CR-824-TWT-LTW-5 |
| | :: | |
| UNITED STATES OF AMERICA,<br>    Respondent. | ::<br>:: | CIVIL ACTION NO.<br>1:16-CV-2460-TWT-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant, pro se, filed a motion under 28 U.S.C. § 2255 challenging his judgment of conviction for drug trafficking. (Doc. 263.)[1] Respondent filed a brief opposing the motion, (doc. 268), and Movant filed a reply, (doc. 272). For the reasons discussed below, the undersigned recommends that the motion be dismissed as untimely and that a certificate of appealability be denied.

**I.    Background**

In October 2002, Movant pled guilty, pursuant to a negotiated plea agreement, to conspiracy to distribute cocaine and possession of cocaine with intent to distribute it. (Doc. 216.) In January 2003, the Court sentenced Movant to 240 months' imprisonment, which was the mandatory minimum sentence given Movant's criminal

---

[1] All citations to the record are to case number 1:01-cr-824-TWT-LTW.

history. (Doc. 228; *see* Doc. 260.) Attorney Stephanie Kearns represented Movant at the plea and sentencing hearings.

Movant's plea agreement allowed him to appeal the denial of his motion to suppress evidence. (Doc. 216.) Movant filed a notice of appeal, (doc. 229), and the Court appointed attorney Marcia Shein to represent him on appeal, (doc. 246). On February 6, 2004, the court of appeals affirmed Movant's judgment of conviction. (Doc. 248.) Movant did not seek review in the U.S. Supreme Court. (Doc. 263 at 2.)

In May 2014, Movant filed a motion to appoint counsel to represent him in connection with a clemency petition. (Doc. 252.) In November 2014, Movant filed a motion to reduce sentence based on a recent change to the U.S. Sentencing Guidelines. (Doc. 254 at 13.) The Court denied both motions. (Docs. 253, 260.) In May 2016, Movant filed a motion to compel Respondent to produce a list of the assets forfeited in this case, which the Court also denied.[2] (Docs. 261, 262.)

On June 23, 2016, just under one month after the Clerk sent Movant a copy of the docket sheet, Movant filed his § 2255 motion. (Doc. 263 at 13.) Movant asserted the following grounds for relief in that motion:

---

[2] The Court granted that portion of the motion seeking a copy of the docket sheet and directed the Clerk to send Movant a copy of the docket sheet. (Doc. 262.)

2

1. Shein rendered ineffective assistance by not appealing to the U.S. Supreme Court, not advising Movant of his right to seek habeas relief, and not addressing issues regarding the asset forfeiture;

2. Movant's plea to both the conspiracy and substantive drug crimes in the indictment violated the Constitution's double jeopardy clause;

3. Respondent presented misleading facts in the asset forfeiture proceedings, resulting in the loss of $1.9 million in U.S. currency and the improper sale of Movant's car; and

4. there was a violation of the Speedy Trial Act.

(*Id.* at 4-8; Doc. 263-1.)

Movant stated in his § 2255 motion, and the supporting brief, that he did not file his § 2255 motion within the one-year statute of limitations because his counsel did not advise him of his right to pursue relief under § 2255, he was not provided any material regarding § 2255 or the statute of limitations, the prison law library is inadequate, and his illiteracy is tantamount to a mental impairment. (Doc. 263 at 12.) Respondent argued in its response that the § 2255 motion is untimely and that Movant is not entitled to equitable tolling of the statute of limitation. (Doc. 268).

In his reply brief, Movant urged the Court to excuse his untimely filing because of Respondent's alleged fraudulent conduct regarding the assets forfeited to

Respondent in this case. (Doc. 272.) That alleged conduct, described below, appears to be Movant's primary complaint in his § 2255 filings.

Movant contends that agents with the Drug Enforcement Agency seized his car, which contained cocaine, and a bag containing $2.5 million in U.S. currency in connection with his and his co-defendants' arrests in this case. (Doc. 263-1 at 17-18.) Movant says that Respondent privately sold his car and stated in court documents, including his plea agreement, that he had to forfeit only $600,000.[3] (*Id.*) Movant contends that two of his brothers were killed, a third brother was severely beaten, and the rest of his family fled Mexico to hide in the U.S. because "the family could not prove to the owner of the money" what happened to the other $1.9 million, which he says Respondent has lost. (*Id.*) Movant contends that he too will face death when he is deported after release from prison because he does not have the $1.9 million. (*Id.*)

## II.   Relevant Legal Standards

A one-year statute of limitations applies to a federal prisoner's motion for relief under § 2255.  28 U.S.C. § 2255(f).  The limitations period runs from the date on which the judgment of conviction becomes final unless unlawful government action

---

[3] The actual amount of forfeited currency listed in the plea agreement is $591,387. (Doc. 263-2 at 2-3.)

AO 72A
(Rev.8/82)

impeded the filing of the § 2255 motion, the movant asserts a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, or the movant discovered facts supporting the claim that could not have been discovered earlier with due diligence. *Id.*

A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). If a federal defendant does not seek a writ of certiorari in the Supreme Court, "'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'" *Id.* (quoting *Clay v. United States*, 537 U.S. 522 (2003)). A petition for a writ of certiorari must be filed in the Supreme Court within ninety days of the court of appeals' entry of judgment – and not its later issuance of the mandate. *Id.* at 1285 ("[T]he date of the issuance of the mandate is irrelevant for determining when a certiorari petition can be filed, and, therefore, irrelevant for determining finality under § 2255"); *see* Sup. Ct. R. 13(3).

A federal court can consider the merits of an untimely § 2255 motion only if the movant establishes that he is actually innocent or that the limitations period should be equitably tolled. *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005);

5

*Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011). To establish actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). "The actual innocence exception is exceedingly narrow in scope, and the [movant] must demonstrate that he is factually innocent rather than legally innocent." *San Martin*, 633 F.3d at 1268 (quotation marks omitted).

The limitations period may be equitably tolled only if the movant demonstrates that his delay in filing his § 2255 motion resulted from extraordinary circumstances outside his control and that he exercised reasonable diligence in pursuing his rights. *See Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the [movant]." *San Martin*, 633 F.3d at 1268.

### III. Analysis

The one-year limitations period for filing a § 2255 motion in this case began on the date Movant's conviction became final. Movant has not shown that any other starting date applies.

6

Movant's conviction became final ninety days after the court of appeals issued its decision affirming Movant's judgment of conviction because Movant did not seek a writ of certiorari from the Supreme Court. The court of appeals entered its judgment on February 6, 2004, so the ninety-day period to seek certiorari expired on May 6, 2004. The limitations period began on that date and ended on May 6, 2005, one year later.[4] Movant's 2255 motion is therefore untimely because he did not file it until June 23, 2016, over eleven years after the limitations period expired.

Movant has not presented new evidence showing that he is actually innocent, as a factual matter, of the crimes to which he pled guilty. The evidence he wishes to develop regarding the forfeited assets, including the allegedly missing money, does not bear on his guilt. Movant thus cannot excuse the untimely filing of his § 2255 motion on the basis of actual innocence.

Nor has Movant shown that the limitations period should be equitably tolled. Shein's alleged failure to seek review in the U.S. Supreme Court is not an extraordinary circumstance that prevented Movant from timely filing his § 2255

---

[4] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

7

motion even with the exercise of due diligence. *See Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014) ("[A]ttorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling."). The deadline for filing a certiorari petition was May 6, 2004, over twelve years before Movant filed his § 2255 motion. Movant did not identify any efforts he made during that long time period to determine whether Shein filed a petition or, if he believed she did, what the Supreme Court did with it. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1287-88 (11th Cir. 2002) (finding prisoner did not diligently pursue his rights where "for a period of some sixteen months, [the prisoner] made virtually no effort to ascertain the status of his first habeas petition in the district court").

Movant's unfamiliarity with or ignorance of the law surrounding § 2255 and his purported illiteracy also do not justify equitable tolling. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); *DeLeon v. Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012); *Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 584 (11th Cir. 2012) ("Neither . . . pro se status nor her apparent ignorance of the law, by themselves, constitutes extraordinary circumstances [for equitable tolling]."); *Turner v. Johnson*,

8

177 F.3d 390, 392 (5th Cir. 1999) ("It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."). And the motions Movant filed, pro se, in 2014 – two years before he filed his § 2255 motion – demonstrate that Movant is not illiterate or ignorant of the laws providing for post-judgment relief. Those motions pursued clemency and a reduction in his sentence based on a recent change in the U.S. Sentencing Guidelines. (Docs. 252, 254.) Movant filed the latter motion just three weeks after the change in the law and extensively discussed that law. (Doc. 254.)

Despite those efforts to obtain post-judgment relief, Movant waited another two years before filing his § 2255 motion. The record demonstrates that it was Movant's lack of diligence or inattention, not ignorance or illiteracy, that resulted in his untimely § 2255 motion. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted . . . procedural ignorance as an excuse for prolonged inattention . . . ."). "In the absence of any showing of his own diligence, [Movant] cannot be entitled to the rare and extraordinary remedy of equitable tolling." *See Drew*, 297 F.3d at 1289.

The burden of showing that equitable tolling is warranted "rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268. As explained above, Movant has not shown that an extraordinary circumstance prevented him from filing his § 2255

9

motion for twelve years after his judgment of conviction became final or that he was diligent in pursuing relief. Movant's § 225 motion should be dismissed as untimely.

## IV. Certificate of Appealability ("COA")

A § 2255 movant may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 129 S. Ct. 681, 684 n.3 (2009) (quotation marks omitted).

A COA is not warranted here. It is not reasonably debatable that Movant's § 2255 motion is untimely and that Movant has not shown that he the limitations period should be equitably tolled. Nor has he made a substantial showing that he was denied a constitutional right in connection with his plea, sentencing, or appeal.

## V.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's § 2255 motion [263] be **DISMISSED** as untimely and that civil action number 1:16-CV-2460-TWT-LTW be **DISMISSED**. **IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**SO RECOMMENDED** this 7 day of November, 2016.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE